# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION: 17-00039-all |
| VERSUS | JUDGE DONALD E. WALTER |
| KYLE JAMES HEBERT (01)<br>KOHLLS PHARMACY & HOMECARE INC. (02) | MAGISTRATE JUDGE KAY |

## ORDER

Before the Court are the following motions: Motion in Limine [Doc. #50] and Motion to Compel Disclosure of Exculpatory (*Brady*) Evidence [Doc. #51], both filed by Defendant Kohll's Pharmacy and Homecare, Inc. (02) ("Kohll's"); and Motion to Compel Disclosure of Specific Exculpatory (*Brady*) Evidence [Doc. #54] and Motion to Strike Surplusage and In Limine to Exclude Evidence [Doc. #57], both filed by Defendant Kyle James Hebert (01) ("Hebert"). The Government responded to each of the motions [Docs. ## 58, 59, 60], and Defendants Kohll's (02) [Docs. ## 61, 62 via Doc. #70] and Hebert (01) [Docs. ## 67, 69] filed replies. Upon due consideration, the Court hereby rules, as follows:

1.     Defendant Kohll's Motion in Limine [Doc. #50] is **DENIED IN PART AND DENIED AS MOOT**, in accordance with the following rulings. Insofar as Defendant Kohll's seeks to exclude opinion testimony as to criminal intent or state of mind (**Item 1**), criminal or wrongful acts not included in the indictment (**Item 2**), and criminal history or prior bad acts (**Item 6**), the Motion [Doc. #50] is **DENIED AS MOOT**. As to Items 2 and 6, the Government should approach the bench, outside the presence of the jury, prior to offering any such evidence in rebuttal. Insofar as Defendant Kohll's seeks to exclude references to, and use of, the term "drug"

(**Item 4**), the Motion [Doc. #50] is **DENIED**. Insofar as Defendant Kohll's seeks exclusion of any characterization of recorded conversations (**Item 5**), the Motion [Doc. #50] is **DENIED;** a witness who participated in a conversation may testify as to his or her personal understanding or perception of the conversation. Insofar as Defendant Kohll's seeks exclusion of any reference to, or use of, the term "frog juice" (**Item 3**), the Motion [Doc. #50] is **DENIED;** cross-examination, rather than exclusion, is the proper means of attacking any such testimony.

2.      Defendant Hebert's *Brady* Motion [Doc. #54] is **DENIED AS MOOT**, and Defendant Kohll's *Brady* Motion [Doc. #51] is **DENIED IN PART AND DENIED AS MOOT**, as follows. With the exception of one specific request by Kohll's, discussed in more detail below, both defendants have indicated their satisfaction with the Government's relevant compliance thus far. The Court recognizes that the defendants' requests are continuing, such that the Government is under an affirmative duty to comply with its *Brady* and *Giglio* obligations and/or supplement its response to the defendants' requests, as may be or become necessary. Insofar as Defendant Kohll's seeks disclosure of evidence regarding LSU's testing of dermorphin [Doc. #51, p. 2 (**Item 6**)], the Motion [Doc. #51] is **DENIED,** based on the Government's representation that it has already produced LSU's test results and files on the eleven horses about which it intends to present evidence in its case-in-chief, and it does not possess test results on any other horses. Not only has the Government disclaimed possession of any other testing performed by LSU on or with dermorphin, but Kohll's has also failed to establish the relevance of any such testing.

3.      Finally, in his Motion to Strike Surplusage and In Limine to Exclude Evidence [Doc. #57], Defendant Hebert argues that Count One of the Indictment improperly alleges a conspiracy to defraud state agencies, namely the Louisiana Racing Commission and the Louisiana State Police, without establishing a federal nexus. In so arguing, Defendant Hebert concedes that the

Indictment properly charges a federal conspiracy, under 18 U.S.C. § 371, to violate 21 U.S.C. §§ 331(a), 331(c) and 331(k) and 333(a)(2), which are provisions of the federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq* ("the FDCA violations"). He contends, however, that the portions of the Indictment which fail to charge a federal crime, namely those charging an "intent to defraud and mislead . . . the Louisiana Racing Commission of its regulatory authority over horse racing, and the Louisiana State Police of its law enforcement authority over matters involving horseracing," should be stricken, and any related evidence excluded.

For this Court to strike allegedly excessive language from an indictment, it must be "irrelevant, inflammatory and prejudicial[;]" this is an "exacting" standard. *See United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971). The Indictment alleges that Hebert and Kohll's "knowingly, willfully, and unlawfully combined, confederated, conspired, and agreed together to commit offenses against the United States," namely, the FDCA violations, which pertain to the introduction, receipt, delivery, proffered delivery, dispensing, sale, or offer for sale of misbranded and/or adulterated drugs. [Doc. #1, pp. 8–9]. The FDCA violations, substantively charged in Counts Two through Six, are incorporated by reference as "overt acts" in furtherance of the Count One conspiracy. *Id.* at pp. 14–16, 13. As recognized by Defendant Hebert, Count One also references section 333(a)(2), which is the penalty provision applicable to felony-grade violations of section 331, and requires that a defendant act "with intent to defraud and mislead[.]" 21 U.S.C. § 333(a)(2). Each of the FDCA violations charged in Counts Two through Six also contains an allegation that the violation was committed "with intent to defraud and mislead," in violation of 21 U.S.C. § 333(a)(2).

"Section 371 has two prongs: it prohibits a conspiracy to commit an offense against the United States, or one to defraud the United States." *United States v. Wright*, 211 F.3d 233, 237

(5th Cir. 2000) (citing 18 U.S.C. § 371). Here, the Indictment meets the first prong, properly charging a conspiracy, under 18 U.S.C. § 371, "to commit an offense against the United States," namely, to commit felony-grade FDCA violations, which require the Government to charge and prove an "intent to defraud and mislead[.]" 21 U.S.C. § 333(a)(2). Accordingly, Defendant Hebert's Motion [Doc. #57] is **DENIED**.

       **THUS DONE AND SIGNED** in Shreveport, Louisiana, this 11th day of October, 2017.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE