UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

---

UNITED STATES OF AMERICA : CRIMINAL ACTION: 17-00039-all

VERSUS : JUDGE DONALD E. WALTER

KYLE JAMES HEBERT (01)
KOHLLS PHARMACY & HOMECARE INC. (02) : MAGISTRATE JUDGE KAY

---

## ORDER

Before the Court are the following two motions: Motion in Limine to Exclude Portions of Anticipated Expert Witness Testimony from Doctors of Pharmacy, Jack H. Raber and Kris Schubert [Doc. #72], filed by the Government; and Motion to Exclude Testimony of Dr. Thomas David, D.V.M. [Doc. #77], filed by Defendant Kyle James Hebert (01). Defendant Kohll's Pharmacy and Homecare, Inc. (02) ("Kohll's") filed a response [Doc. #78] to the Government's motion; the Government filed a response [Doc. #79] to Defendant Hebert's motion. Hebert sought leave to file a reply [Doc. #80], which is hereby **GRANTED**; the proposed reply [Doc. #80-2] was considered in ruling on the underlying motion. Upon due consideration, the Court hereby **GRANTS IN PART**, and otherwise **DEFERS** ruling on, the Government's motion [Doc. #72], and hereby **GRANTS IN PART**, and otherwise **DEFERS** ruling on, Defendant Hebert's motion [Doc. #77], in the following particulars.

**1.** As to the former motion [Doc. #72], the Government seeks to exclude certain aspects of the anticipated testimony of both Doctors of Pharmacy Jack H. Raber and Kris Schubert, experts identified by Kohll's, on various legal bases. The Court will address the arguments in turn.

A. The Government seeks to exclude the following two sections, 2.23 and 2.26, of Dr. Raber's testimony, on the ground that such testimony impermissibly offers conclusions of law.

*See United States v. Oti,* 872 F.3d 678, 691–92 (5th Cir. 2017) ("[A]n expert witness is not permitted to offer conclusions of law.") (citing Fed. R. Evid. 704).

> 2.23 While it is true that Dermorphin has not been approved as a "drug" for use by animals and humans, it is not outlawed or prohibited. Dermorphin is available for physicians or veterinarians to prescribed, and for pharmacies to use to fill orders or prescriptions for patients unless the intended patient is in a specialized class or category of patients for which use of Dermorphin is impermissible.
> . . .
>
> 2.26 Dermorphin is not a "drug" for US FDA purposes because it has never been submitted for consideration by any proposed manufacturer as such a drug or substance. Only drugs or substances submitted by a manufacturer for recognition as "drugs" are reviewed and approved or disapproved.

[Doc. #72-2, p. 5]. In response to the Government's objection, Kohll's disingenuously claims that the above sections of Dr. Raber's testimony do not offer conclusions of law, and further, that the ultimate issues in this case do not require the jury to determine whether dermorphin is a "drug." [*see* Doc. #78, p. 4, ¶¶ 6, 7]. The Court is unpersuaded, particularly given the fact that elsewhere in the briefing [Doc. #78, p. 15, ¶ 40], Kohll's concedes that the Government must prove that dermorphin is a "drug." The motion is hereby **GRANTED** insofar as Dr. Raber's conclusions set forth in sections 2.23 and 2.26 are **excluded** as impermissible conclusions of law.

B. The Government seeks to exclude the following eight sections of Dr. Raber's testimony, on the ground that such testimony is unreliable, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), because each of these sections is based on an incorrect premise and/or misstates the law: 2.3, 2.4, 2.5, 2.6, 2.9, 2.11, 2.26 (previously excluded, *see* ruling above), and 2.43. [*see* Doc. #72-2, pp. 2–9]. As to section 2.3, consistent with Kohll's response [Doc. #78, pp. 4–5, ¶ 11], Dr. Raber may testify as to the factual conclusion that dermorphin is not listed in either of the two referenced sources; however, the

Court **DEFERS** ruling on any limitation of Dr. Raber's testimony as described in the remainder of section 2.3. Furthermore, given that the Court is not privy to Dr. Raber's qualifications nor has the Court been apprised of the nature and extent of Dr. Raber's expertise nor Kohll's tender thereof, the Court hereby **DEFERS** ruling as to sections 2.4, 2.5, 2.6, 2.9, 2.11 and 2.43. As recognized, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

C. The Government seeks to exclude the following seven sections of Dr. Raber's testimony, on the ground that such testimony impermissibly "state[s] an opinion about whether the defendant[s] did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense[,]" in violation of Rule 704(b): 2.3, 2.26 (previously excluded, *see* ruling above), 2.28, 2.32, 2.33, 2.39, and 2.45. [*See* Doc. #72-2, pp. 5, 7, 8, and 9]. As Kohll's concedes, "Dr. Raber is not acquainted with Kohll's or its personnel." [Doc. #78, p. 15, ¶ 41]. The Court is persuaded that at least portions of the referenced sections, as stated in the summary of Dr. Raber's anticipated testimony, qualify as attempts by Kohll's "to testify by proxy, that is, to elicit the aid of a so-called expert to expound on [the defendant's] mental state[.]" *See United States v. Tucker*, 345 F.3d 320, 330 (5th Cir. 2003). Thus, consistent with Kohll's response [Doc. #78, pp. 15–16], and ***assuming same to be within Dr. Raber's tendered expertise***, he may testify regarding how pharmacy is practiced, how compounding works, and what compounding pharmacists do on a daily basis; however, any opinions as to the personal knowledge, state of mind or intent of Kohll's or of any of its employees is **excluded.** Accordingly, the motion is **GRANTED** insofar as the Government seeks to exclude any expert testimony as to any defendant's "mental state or condition that constitutes an element of the crime charged or of a

defense[,]" in violation of Rule 704(b).

  D. The Court hereby **DEFERS** ruling on the remainder of the Government's objections to Dr. Raber's testimony, namely, that certain sections recount facts as to which Dr. Raber lacks firsthand knowledge; that certain sections include testimony that is irrelevant, misleading or will tend to confuse the jury; and/or that certain sections are precluded based on law of the case. Counsel shall make appropriate objections, as needed, and the Court will rule on the testimony in the context of Dr. Raber's tender and the other evidence presented at trial. Again, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

  E. To the extent the Government seeks to exclude Kris Schubert, who was employed by Kohll's during the relevant time period, from testifying as an expert, the Court hereby **DEFERS** ruling until such time as Dr. Schubert is tendered as an expert at trial.

**2.**   As to the latter motion [Doc. #77], Defendant Hebert seeks to exclude the testimony of the Government's expert witness, Dr. Thomas David, D.V.M., a retired equine veterinarian who also previously served for 4.5 years as the Equine Medical Director for the Louisiana Racing Commission. [*see* Doc. #77-1, pp. 2–3]. In addition to providing Dr. David's curriculum vitae and a short summary of his anticipated testimony, the notice provides that "the United States intends to offer this testimony to refute Dr. Kyle Hebert's anticipated claim that he was not aware of the nature, identity, and/or pharmacological effect of the substances he prescribed for the racehorses under his care." [Doc. #77-1, p. 3]. Defendant Hebert challenges this expert on the following bases: the Government's notice is insufficient under Rule 16(a)(1)(G); the timing of the notice, dated October 11, 2017 and received by Defendant Hebert on October 12, 2017, does

not allow the defense adequate time to obtain a countervailing expert, if necessary; and the testimony is irrelevant and does not satisfy the admissibility requirements of Rule 702. [Doc. #77, p. 1, ¶¶ 2–3].

In response to Defendant Hebert's challenge, and consistent with the notice given, the Government states, in pertinent part:

> [T]he relevance and scope of Dr. David's expected testimony is largely dependent on whether an expected defense is asserted by Hebert both through cross-examination of Government witnesses during the Government's case-in-chief, as well as through any defense witnesses that Hebert may call to testify. The Government noticed Dr. David as an expert to be used in its case-in-chief out of an abundance of caution (*i.e.*, if the Government has cause to call Dr. David in its case-in-chief) and to streamline any *voir dire* of Dr. David at trial. However, the most likely use of Dr. David's testimony, **if needed at all**, is to present rebuttal evidence to Hebert's anticipated defense that he didn't know the identity and/or pharmacological characteristics of the unapproved drug that he was prescribing his patients – should the Court find any such evidence relevant.

[Doc. #79, pp. 2–3 (emphasis added)]. Although the Government admits that the notice was "neither long nor detailed" [Doc. #79, p. 2], the most significant prejudicial factor is the Government's failure to provide timely notice such that Defendant Hebert could adequately prepare to address Dr. David's testimony at trial. Accordingly, Defendant Hebert's motion [Doc. #77] is hereby **GRANTED IN PART**, insofar as the Government will be precluded from offering Dr. David's testimony during its case-in-chief. To the extent the Government intends to offer Dr. David's testimony solely as rebuttal evidence, the Court **DEFERS** ruling on Defendant Hebert's objections thereto, until such time as Dr. David is tendered as an expert in rebuttal. *See United States v. Windham*, 489 F.2d 1389, 1392 (5th Cir. 1974) ("Rebuttal witnesses are a recognized exception to all witness disclosure requirements.").

**THUS DONE AND SIGNED** in Lake Charles, Louisiana, this 30th day of October, 2017.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE